**Ramon Carlos JUAREZ–RIOS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72441.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 20, 2012.

Christopher John Stender, Esquire, Federal Immigration Counselors, Inc., APC, San Francisco, CA, for Petitioner.

Colin J. Tucker, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ramon Carlos Juarez–Rios, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from a decision of an immigration judge ("IJ") denying Juarez–Rios's motion to reopen. We review de novo questions of law. *Pagayon v. Holder*, 675 F.3d 1182, 1189 (9th Cir.2011). We dismiss the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review the agency's decision to deny Juarez–Rios's motion to reopen, because Juarez–Rios's pleadings before the IJ establish that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i) by reason of his conviction for possession of methamphetamine for sale. *See* 8 U.S.C. § 1252(a)(2)(C); *see also Pagayon*, 675 F.3d at 1189 (holding that a petitioner's pleading-stage admissions may be sufficient to establish removability). Juarez–Rios does not raise a colorable constitutional claim or question of law sufficient to restore our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir.2009) ("To be colorable in this context ..., the claim [or question] must have some possible validity." (internal quotation marks and citation omitted)).

**PETITION FOR REVIEW DISMISSED.**